UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEN MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID W. HORCH, et al.,<br><br>  Defendants. | No.  2:16-cv-2642 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  However, the court will not assess a filing fee at this time.  Instead, the undersigned will recommend summary dismissal of the complaint.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
6  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,
7  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
8  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
9  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
10 has an arguable legal and factual basis.  Id.
11      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
12 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
13 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
14 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
16 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
17 allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations
18 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
19 merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)
20 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
21 ed. 2004)).
22      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
23 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
24 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
25 content that allows the court to draw the reasonable inference that the defendant is liable for the
26 misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
27 under this standard, the court must accept as true the allegations of the complaint in question,
28 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.   Complaint

Based upon the contents of a letter dated May 16, 2016, plaintiff alleges that his privacy rights have been violated as the result of the theft of an unencrypted, password-protected laptop from the personal vehicle of a California Correctional Health Care Services (CCHCS) employee on February 25, 2016. ECF No. 1 at 4, 7. The notification stated as follows:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

Id. at 7.

Plaintiff alleges negligence and that this potential breach violated his medical privacy rights. Id. at 4. He also appears to allege that defendants Horch and Lewis violated his rights by denying his administrative appeals. Id. at 3.

### IV.   Standing

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is

concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation."  Lujan, 504 U.S. at 561 (citations omitted).

To the extent plaintiff may be attempting to bring a claim pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which requires the confidentiality of medical records, "HIPAA itself does not provide for a private right of action."  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).  However, the Ninth Circuit has held that the constitutional right to informational privacy extends to medical information.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)).  In this case, however, the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative.

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).  Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive

4

information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. ECF No. 1 at 7. In other words, whether plaintiff's sensitive information has even been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information, and his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

V.     Administrative Appeal

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id. Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. The Seventh Circuit has observed that

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted). Therefore, to the extent plaintiff is attempting to bring a claim related to the denial of his administrative appeal regarding the theft of the laptop, his claim fails.

VI.    State Law Claims

The complaint also alleges negligence on the part of defendants. Because plaintiff has failed to state a cognizable claim for relief under federal law, this court declines to exercise

////

////

5

1  supplemental jurisdiction over plaintiff's putative state law claim.[1] Carnegie-Mellon Univ. v.
2  Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts
3  should usually decline to exercise supplemental jurisdiction).

4     VII.   No Leave to Amend

5      If the court finds that a complaint should be dismissed for failure to state a claim, the court
6  has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-
7  30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the
8  defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see
9  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
10 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
11 clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
12 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear
13 that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
14 Cato, 70 F.3d at 1005-06.

15     The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment
16 would be futile because the notification plaintiff bases his allegations on establishes only
17 speculative injury that is neither real nor immediate. Additionally, any claims related to the
18 denial of his grievance are not cognizable. Because plaintiff has failed to state cognizable federal
19 claims, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim and
20 will dismiss the complaint in its entirety.

21    VIII.   Summary

22     The complaint will be dismissed without prejudice because the facts show only that
23 plaintiff's sensitive information might have been stolen and the letter he relies on establishes that
24 he will not be able to show that his information was actually stolen because it is not known what
25 was on the laptop. Plaintiff's injury is therefore too speculative to support a claim. The denial of
26 plaintiff's administrative appeal also does not state a claim. Because plaintiff's federal claims

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue his claim in state court.

will be dismissed, the court will also decline jurisdiction of the state law claims and dismiss them.

In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

DATED: January 3, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE